IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ARLESTER BOLDEN
O/B/O L.K.B                                                                                    PLAINTIFF

V.                                                             CIVIL ACTION NO. 4:13CV224-DAS

CAROLYN W. COLVIN
COMMISSIONER OF
SOCIAL SECURITY                                                                              DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security denying the application of Lutisha K. Bolden for Disability Insurance Benefits under the Social Security Act. The parties in this case have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. After considering the issues raised and hearing oral argument on the matter, the court finds as follows:

**I. BACKGROUND**

Claimant was born prematurely on November 9, 2005 and was small for her gestational age. Based on the impairments flowing from her premature birth, the Commissioner found that claimant was disabled and entitled to child's Supplemental Security Income benefits ("SSI") on March 16, 2006. Specifically, the Commissioner found that these impairments functionally equaled the criteria for Listing 100.03: Growth Impairment.

Approximately four years later, the Commissioner conducted a continuing disability review ("CDR") of claimant's disability status, as is required by the Social Security Act. Based

on this review, the Commissioner found that claimant's impairments had medically improved, and therefore, that claimant was no longer disabled and entitled to benefits as of April 30, 2010. On reconsideration, a state agency disability hearing officer upheld this determination. At claimant's request, an Administrative Law Judge ("ALJ") conducted a hearing on June 14, 2012. After reviewing claimant's case *de novo*, the ALJ issued an unfavorable decision, which affirmed the Commissioner's prior cessation of claimant's benefits.

In reaching this decision, the ALJ applied the three-step, sequential evaluation process in determining whether claimant was disabled within the purview of the Act. At step one, the ALJ found that claimant's original impairments, i.e., those stemming from her premature birth, had experienced medical improvement. In light of this medical improvement, the ALJ found at Step 2 that claimant's impairments were no longer "severe" within the purview of the Act, and correspondingly, no longer functionally equaled the listing for "growth impairment." At this same step, however, the ALJ found that claimant had the following severe medically determinable impairments at the time of the CDR: speech delay, borderline intellectual function and attention deficit hyperactivity disorder (ADHD).

At Step 3, the ALJ found that none of claimant's impairments met, medically equaled or functionally equaled any impairment listed in Appendix 1. However, in making this finding, the ALJ did not cite to any particular listing. Instead, the ALJ only evaluated claimant's impairments to see whether they functionally equaled the listings by analyzing them under the six domains of functioning (20 C.F.R. § 416.929a(g)-(l)).

Under his § 416.929a analysis, the ALJ found that claimant had "less than marked limitation" in five of the six domains. As for the remaining domain, the ALJ found that no limitations were apparent from the record. Although he previously stated that claimant's

2

impairments "could reasonably be expected to produce the alleged symptoms," which would have resulted in marked limitations in more than one domain, the ALJ discounted claimant's statements concerning the intensity, persistence and limiting effects of such because he found them to be "not credible."

Ultimately, the ALJ held that claimant's disability had ended on April 30, 2010. This unfavorable decision was subsequently affirmed by the Appeals Council, and claimant filed the present action, which is now properly before the court.

## II. STANDARD OF REVIEW

Claims for Supplemental Security Income on behalf of disabled children under the age of eighteen are assessed according to a special disability standard in the Social Security Act. A child is disabled for purposes of the Act if:

> [T]hat individual has a medically determinable physical or mental impairment, which results in marked or severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i). In the same manner as adult claims, disability assessments for child's Supplemental Security Income ("SSI") claims must pass through the first two steps of the sequential evaluation process; therefore, a child is not eligible if she is actually engaging in substantial gainful activity and, if not, the child must have a "severe" impairment.

However, the disability determination process is substantially more restrictive in child's SSI cases once it is determined that the child has a severe impairment. Frank S. Bloch, *Bloch on Social Security*, § 344 (2015). At that point, unlike adult claims that move through up to three more steps in the sequential evaluation process, a child must prove that he or she has an impairment or combination of impairments that meets the requirements of the Listing of Impairments, "medically equals the severity of a set of criteria for an impairment in the listings,"

3

or "functionally equals the listings." *See* 20 C.F.R. § 416.924(d). The regulations also set out a slightly different set of steps to determine continuing disability in child's SSI claims when benefits have been terminated. *See* 20 C.F.R. § 416.994a; *see also* SSR 5-3p (2005).

On appeal, the court considers whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel*, 197 F.3d 194, 196 (5th Cir. 1999) (citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993)); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner's,[1] even if it finds that the evidence leans against the Commissioner's decision.[2] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 390, 289 L.E.2d 842 (1971)).

---

[1] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).
[2] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

# III. DISCUSSION

Although this case stems from the cessation of benefits to which the claimant was previously entitled, analysis under the cessation regulation, 20 C.F.R. § 416.994a, is unnecessary:

> If there has been medical improvement, we will consider whether the impairment(s) you had at the time of our most recent favorable determination or decision now meets or medically equals the severity of the listing it met or equaled at that time. If so, we will find you are still disabled, unless one of the exceptions in paragraphs (e) or (f) of this section applies. If not, we will consider whether your current impairment(s) are disabling under the rules in § 416.924.

20 C.F.R. § 416.994a(a)(1). Previously, the claimant received benefits because the impairments stemming from her premature birth functionally equaled a listed impairment, but she has since experienced medical improvement. Therefore, because only her current impairments are now at issue, analysis of the claimant's action falls entirely under the standard disability determination procedures set out in 20 C.F.R. § 416.924.

## A. The Listing

The claimant argues that both the ALJ and the Appeals Council erred by "completely [overlooking] the listing for diagnosing a child with ADHD. In response, the Commissioner argues that substantial evidence supports the ALJ's finding that the claimant's ADHD did not meet, medically equal or functionally equal the criteria for the ADHD listing. However, the Commissioner did not specifically address the claimant's argument that the ALJ erred in failing to address the specific listing for ADHD

In his written decision, the ALJ found that, as of April 30, 2010, the claimant had the following severe impairments: speech delay, borderline intellectual function, and attention deficit hyperactivity disorder. However, during the final step of his analysis, the ALJ found that "the

impairments that the claimant (sic), after the [comparison point decision], has not met or medically equaled [any of the listed impairments]. The ALJ never listed the requirements for the ADHD listing. Instead, the ALJ's analysis focused solely on whether the claimant's impairments *functionally equaled* the listings.

The question for this court becomes whether the ALJ committed reversible error by failing to analyze the claimant's impairments under the listing for ADHD. In finding that the claimant's impairments failed to meet the listings, the ALJ offered this two-sentence explanation:

> The third and final step of the sequential evaluation for children involves determining whether the claimant has a condition, which meets, medically equals, or functionally equals an impairment listed in Appendix 1 to Subpart P, Regulations No. 4, considering both the childhood and adult listing sections. As explained below, the claimant's condition does not meet, medically equal, or functionally equal any impairment listed in Appendix 1.

Doc. 9, p. 48.

It is well-established that an ALJ is required to discuss the evidence offered in support of a claim and explain why the claimant was not considered disabled[3]. *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). A duty to identify listings pertaining to a claimant's alleged impairments has been inferred from this broad mandate. The Fifth Circuit has stated that an "ALJ should identify the listed impairment for which the [claimant's] symptoms fail to qualify and then provide an explanation as to how he reached the conclusion that [the claimant's impairments] are insufficiently severe to meet any listed impairment." *Id*. Where the ALJ offers nothing to support his conclusion at this step, the "reviewing court simply cannot tell whether the

---

[3] 42 U.S.C. § 405(b)(1): The Commissioner of Social Security is directed to make any findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security, which involves a determination of disability and whish is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.

decision is based on substantial evidence or not." *Id.* (quoting *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). Summarily concluding that a claimant fails to meet or equal the criteria of an unspecified listing is insufficient because it does not permit meaningful judicial review. *Audler*, 501 F.3d at 448.

Nevertheless, after examining the ALJ's opinion, it is clear that he considered the evidence in detail before making his decision. He engaged in a thorough and substantive review of the evidence under his "functionally equaled" analysis. It is similarly true, however, that he did not explain specifically why the claimant failed to meet the criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1, § 112.11, the listing for ADHD. Indeed, the ALJ failed to cite any listed impairment in his opinion, other than the listing relatedly directly to her claim for premature birth.

Therefore, the court finds that the ALJ erred when he failed to address the listed impairment for ADHD. Despite ADHD being the claimant's (mother's) chief complaint during the hearing, and despite having medical records indicating a diagnosis of, and prescription for, ADHD, the ALJ failed to mention the ADHD listing once in his written decision. The court is well aware of the law in this circuit: procedural perfection is not required in administrative proceedings, and courts should not vacate judgments unless the substantial rights of a party have been affected. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). However, this was not harmless error. Because the ALJ neglected to address a listed impairment that is plainly applicable[4] to the claimant, the court is simply unable to determine whether the final decision is based on substantial evidence. In light of this error, the case must be remanded so the

---

[4] By using the language "plainly applicable," the court is not suggesting that the claimant's impairment actually meets the listing's requirements. Rather, the court means that the evidence provided to the ALJ squarely places the listing for ADHD at issue.

7

Commissioner can reevaluate the claimant's impairments and make the findings needed to properly determine whether the claimant is disabled.

**SO ORDERED** this, the 31st day of March, 2015.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE