IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ARLESTER BOLDEN
O/B/O L.K.B                                                                                          PLAINTIFF

V.                                                                      CIVIL ACTION NO. 4:13CV224-DAS

CAROLYN W. COLVIN
COMMISSIONER OF
SOCIAL SECURITY                                                                                  DEFENDANT

## ORDER

This matter is before the court on plaintiff's motion (#27) and seeks fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Initially, plaintiff requested that $5,296.18 in EAJA fees and expenses be paid directly to her attorney. In her response (#28), the Commissioner conceded that plaintiff is entitled to an award and even proffered a sum greater than that requested: $6,052.13.[1] However, her response raised two objections: 1) EAJA awards cannot be paid directly to an attorney, and 2) an improper hourly rate was used in determining plaintiff's EAJA award. Subsequently, plaintiff adopted the Commissioner's award calculation (#29), but she challenged the Commissioner's assertion that EAJA fees cannot be paid directly to her attorney. As a result, only one issue remains: whether EAJA fees may be paid directly to a prevailing plaintiff's attorney.

This issue stems from a "Fee and Representation Agreement" (#29-2) executed at the inception of plaintiff's representation, which provides that "[a]ny EAJA fee awarded will be paid to the attorney…" The Supreme Court recently held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a preexisting debt that the

---
[1] The increase accounts for the paralegal fees listed in plaintiff's motion but accidentally omitted from plaintiff's final request.

litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). The Supreme Court noted that although the government had a history of paying EAJA awards directly to attorneys in certain cases, it discontinued that practice in 2006, making direct payments to the attorneys "only in cases where 'the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.'" *Id.* at 597. The shift in policy is attributable to the Treasury Department's modification of the Treasury Offset Program in 2005, which required offsets to be levied against EAJA awards. *See* 31 C.F.R. § 285.5(e)(5).

The Commissioner ascribes her argument—that EAJA fees cannot be paid directly to a litigant's attorney—to this language from the Court's holding in *Ratliff*: "[A] § 2412(d) fees award is payable to the litigant." However, this argument takes the Court's language out of context and ignores the issues on which *Ratliff* was decided. *Ratliff* arose out of a case in which a Social Security claimant prevailed on a claim for benefits against the United States. *Ratliff v. Astrue*, F.3d 800, 801 (8th Cir. 2008). The district court granted the claimant's EAJA motion, but before the award was disbursed, the government reduced it to satisfy debts the claimant owed the federal government. *Id.* His attorney then commenced a separate action alleging that the reduction was an illegal seizure prohibited by the Fourth Amendment of the United States Constitution. *Id.* Notably, there is no indication that the claimant had assigned the attorney the fees at issue.

Unlike the case at bar, the attorney in *Ratliff* was challenging the offset on the grounds that it was an unconstitutional seizure of *her* property, not her client's property. She argued the statute awarded *her*, and not her client, attorney's fees. Her challenge was an attempt to shield the EAJA fees from the federal debts (and resulting offsets) of her client. Within this context, *Ratliff's* use of the phrase "payable to the litigant" has no bearing on to whom the payment may

be directed. Rather, it was used to describe the party to whom the statute conferred the right to EAJA fees, i.e., the plaintiff. Thus, *Ratliff* cannot be construed to deny attorneys from acquiring beneficial interests in, or contractual rights to, any awards or fees directly payable to their clients.

In the present case, plaintiff's counsel does not claim a statutory right to the EAJA award, nor does he seek any sum greater than that to which his client is statutorily entitled. Plaintiff's counsel, instead, seeks to enforce a contractual assignment of the EAJA award, less any administrative offsets previously levied against his client. Since the Court's decision in *Ratliff*, several courts have honored fee assignments like the one involved in this case.[2] For example, in *Matthews-Sheets v. Astrue*, the Seventh Circuit held that the "only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer." 653 F.3d 560, 565 (7th Cir. 2011). Notably, citing *Matthew-Sheets*, a district court in the Fifth Circuit recently honored an assignment because there was no "suggestion of any pre-litigation debts owed by [p]laintiff whose collection would be unfairly circumvented by paying such fees directly to his attorney." *Wormsbaker v. Colvin*, 2014 WL 307487, at *1 (N.D. Texas, Jan. 28, 2014).

The court finds that an EAJA award, less any administrative offsets, may be paid directly to an attorney pursuant to an express fee assignment with the attorney's client. However, the court refuses to adopt the more restrictive approach used in *Matthew-Sheets* and *Wormsbaker*, which only permits direct payments to attorneys where there are no debts to be offset. Like wearing a belt with suspenders, it serves no discernable purpose.

*Ratliff*, itself, stated that paying attorneys directly would not undermine the government's ability to offset EAJA awards by preexisting federal debts: "The fact that the statute awards to

---

[2] *See, e.g., Cheatham v. Astrue*, 2011 WL 1331912 (W.D. Ark. 2011); *Martin v. Astrue*, 2010 WL 2639566 (M.D. Fla. 2010); *Walker v. Astrue*, 2011 WL 1297744 (M.D. Ala. 2011); *McDonald v. Astrue*, 2010 WL 4818092 (W.D.N.C. 2010); *Cowart v. Commissioner of Social Sec.*, 2011 WL 2441468 (E.D. Mich. 2011).

the prevailing party fees in which her attorney may have a beneficial interest or contractual right does establish that the statute 'awards' fees directly to the attorney." *Ratliff*, 560 U.S. at 593. This notion is corroborated by the Code of Federal Regulations, which provides, in relevant part:

> If a person…assigns the right to receive a Federal payment to a third party…the assigned payment will be subject to offset to…collect delinquent debts owed by the assignor unless…the debtor has properly assigned the right to such payments and the debt arose after the effective date of the assignment.

31 C.F.R. §§ 285.5(e)(6)(i) & (ii)(C). Any eligible federal payments, which include EAJA awards,[3] are checked against the Treasury Offset Program's delinquent debtor database prior to disbursement.[4] Thus, allowing EAJA awards to be paid directly to attorneys, less any offsets, poses no threat to the government's interest in debt collection. On the other hand, honoring fee assignments would alleviate collection problems[5] for attorneys who are already statutorily limited to a relatively low fee,[6] thereby serving the EAJA's policy aims of reducing the "disincentives for those who would defend against unjustified governmental action." *United States v. Claro*, 579 F.3d 452, 466 (5th Cir. 2009).[7]

Therefore, the court concludes that in light of the assignment, $6,052.13, subject to any legitimate offset, should be paid directly to plaintiff's counsel.

**SO ORDERED** this, the 15th day of July, 2015.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[3] *See* 31 U.S.C. § 3716.
[4] *See* Bureau of the Fiscal Service, *Treasury Offset Program (TOP)*, (July 14, 2015, 11:33 AM), https://fiscal.treasury.gov/fsservices/gov/debtColl/dms/top/debt_top.htm.
[5] This court was recently confronted with a situation where an attorney was forced to hold an EAJA award for more than six-months before his client could be found to sign it over.
[6] *See* 28 U.S.C. § 2412(d)(2)(A).
[7] "The EAJA's admirable purpose will be undercut if lawyers fear that they will never actually receive attorney's fees to which a court has determined the prevailing party is entitled." *Ratliff*, 560 U.S. at 600 (concurring opinion of Sotomayor, J.).